1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| 11 MTGLQ INVESTORS, L.P., A Delaware Limited Partnership | Case No. 09-04270 EDL |
| 12 Plaintiff, | **ORDER AUTHORIZING THE SALE OF CERTAIN PROPERTY OF THE** |
| 13 v. | **RECEIVERSHIP ESTATE, ESTABLISHING BIDDING** |
| 14 ALAMEDA CHEMICAL & SCIENTIFIC, INC., A CALIFORNIA CORPORATION; | **PROCEDURES, APPROVING A BREAK-UP FEE TO BE PAID TO THE** |
| 15 ALAMEDA CHEMICAL & SCIENTIFIC OF ARIZONA, INC., A CALIFORNIA | **PROSPECTIVE PURCHASERS, AND APPROVING A CERTAIN ASSET SALE** |
| 16 CORPORATION; ALAMEDA CHEMICAL & SCIENTIFIC OF IDAHO, INC., A | **AGREEMENT ENTERED INTO BY THE RECEIVER** |
| 17 CALIFORNIA CORPORATION; ALAMEDA CHEMICAL & SCIENTIFIC OF SOUTHERN | |
| 18 CALIFORNIA, INC., A CALIFORNIA CORPORATION; HIGH TECHNOLOGY | |
| 19 PACKAGING, INC., A CALIFORNIA CORPORATION; MILLER LAND, CATTLE | |
| 20 & WINE #2 LIMITED LIABILITY COMPANY, A CALIFORNIA LIMITED | |
| 21 LIABILITY COMPANY; MILLER LAND, CATTLE & WINE #3 LIMITED LIABILITY | |
| 22 COMPANY, A CALIFORNIA LIMITED LIABILITY COMPANY; MILLER LAND, | |
| 23 CATTLE & WINE #4 LIMITED LIABILITY COMPANY, A CALIFORNIA LIMITED | |
| 24 LIABILITY COMPANY; RONALD F. MILLER, INDIVIDUALLY; and L. ELAINE | |
| 25 MILLER, INDIVIDUALLY, | |
| 26 | |
| 27 Defendants. | |

28

W02-WEST:8JBM1\402555195.1

USDC Case No. 09-04270 EDL

ORDER AUTHORIZING SALE

1    On May 4, 2010, Kyle Everett ("Receiver"), the receiver in the above-entitled action,

2    petitioned this Court for an order (1) authorizing the sale of the Sale Assets described below, (2)

3    approving certain bidding procedures and a break-up fee to be paid to the prospective purchaser

4    that is a party to the Purchase and Sale Agreement described below, and (3) approving the terms of

5    that certain Purchase and Sale Agreement relating to the sale of property located at 1336 N. 20th

6    Street, Nampa, Idaho.

7    Appearances at the hearing are as noted in the record. Having considered the Motion and

8    all related pleadings, any opposition thereto, and the arguments of counsel,

9    **THE COURT FINDS THAT:**

10    A.    Notice of the Motion was proper and adequate.

11    B.    The Buyer described below has acted in good faith and is entitled to the protections

12    of 28 U.S.C. §§ 2001 and 2004.

13    Based on the foregoing and the findings and conclusions stated orally in the record, and

14    good cause appearing therefore,

15    **IT IS HEREBY ORDERED THAT:**

16    1.    The Notice of the Motion and the hearing thereon is approved as proper and

17    adequate under the circumstances.

18    **SALE OF ASSETS APPROVED:**

19    2.    The Motion is granted and the assets to be sold are that certain real property located

20    at 1336 N. 20th Street, Nampa, Idaho, together with the buildings and improvements located

21    thereon and the rights and appurtenances pertaining thereto and all personal property including

22    machinery, equipment, fixtures, furniture, vehicles and other personal property, if any, located

23    thereon and owned by the corporate defendants (collectively, the "Nampa Facility").

24    3.    The Receiver is authorized to sell the Nampa Facility to Ronald W. Van Auker

25    ("Van Auker") pursuant to the terms of the Purchase and Sale Agreement and Joint Escrow

26    Instructions ("Nampa PSA") entered into by the Receiver on February 15, 2010, as amended,

27    subject to overbid as hereinafter set forth. The terms of the Nampa PSA are hereby approved.

28

-1-

1    4.    The Receiver may assent to non-material changes to the Nampa PSA without

2    further order of the Court.

3    5.    Terms not otherwise defined in this Order shall have the meanings ascribed to them

4    in the Nampa PSA.

5    **SALE PROCEDURES AND BREAK-UP FEE:**

6    6.    The Receiver is authorized to sell the Nampa Facility at a public auction subject to

7    higher and better bids, as determined by the Receiver in his sole and absolute discretion ("Over

8    Bid").

9    7.    Notice of the public auction shall be published setting forth the basic terms of sale

10   in the Idaho Press Tribune and the Idaho Statesman, once a week for at least four weeks prior to

11   the Closing Date. The notice shall be in a form substantially similar to the notice attached as

12   Exhibit C to the Receiver's declaration filed in support of the Sale Motion.

13   8.    On the date that is five (5) business days prior to the Closing Date, the Receiver

14   shall conduct a public auction for Nampa Facility ("Auction"), subject of the following:

15   a.    The Auction will be held at the Nampa Facility.

16   b.    No prospective buyer shall be permitted to bid at the Auction unless, no

17   later than five (5) business days before the Auction (A) such party has been deemed financially

18   qualified by the Receiver or his advisors, in the Receiver's sole discretion, and the Receiver shall

19   have advised the respective buyer of such qualification prior to the Auction; (B) such prospective

20   buyer has delivered into escrow, or to the Receiver, good funds of not less than the amount of the

21   deposit pursuant to the Nampa PSA ("Deposit"); and (C) such prospective buyer has agreed in

22   writing to be bound by the terms of the Nampa PSA should the prospective buyer be the Winning

23   Bidder or the Backup Bidder at the Auction described below. Prospective buyers that meet all of

24   these qualifications shall be deemed Qualified Bidders.

25   c.    If Van Auker is the only Qualified Bidder as of the last business day before

26   the Auction, the Receiver may cancel the Auction and sell the Nampa Facility to Van Auker

27   pursuant to the Nampa PSA and without further order of the Court.

28

-2-

1            d.      The initial bidding increment shall not be less than $100,000 with

2 subsequent bids not less than $50,000.

3            e.      If there is an Over Bid, Van Auker shall have the right, but not the

4 obligation, to participate in the Auction and to be approved as the winning bidder, provided that

5 Van Auker shall have satisfied the same financial qualification requirements as the other

6 prospective buyers no later than five (5) business days before the Auction.

7          9.      In addition to determining the winning bidder (the "Winning Bidder") as a result of

8 the Auction, the Receiver will identify and notice the Court of the next successful bidder as the

9 back-up bidder ("Back-Up Bidder").

10          10.      In the event that Van Auker is not the Winning Bidder or the Back-Up Bidder, then

11 (i) Escrow Holder promptly shall disburse the Deposit (plus any interest that accrued while such

12 Deposit was held by Escrow Holder) to Van Auker, the Nampa PSA shall terminate, and Van

13 Auker shall no longer have any contractual right to purchase the Nampa Facility, and (ii) subject

14 to closing of the sale to the Winning Bidder or Back-Up Bidder and delivery by Van Auker to the

15 Receiver of reasonable supporting evidence of Van Auker's costs and expenses, up to $100,000 of

16 such additional bid amount shall be paid to Van Auker by the Receiver out of the proceeds of the

17 sale as reimbursement for Van Auker's actual third party costs and expenses (including, without

18 limitation, reasonable attorneys' fees) in performing due diligence, preparing and entering into the

19 Nampa PSA, preparing other documents and taking other actions incident thereto, and for

20 expenses and rate lock fees incurred in connection with any purchase money financing. If Van

21 Auker is determined to be the Back-Up Bidder, the Deposit shall be returned to Van Auker, and

22 subject to the conditions set forth in clause (ii) of the preceding sentence, Van Auker shall be

23 reimbursed for the costs and expenses described in clause (ii), upon transfer of title to the Winning

24 Bidder.

25          11.      If the Winning Bidder is unable to close on the Closing Date, the Winning Bidder's

26 entire deposit will be released to the Receiver and a per diem extension fee of $500 will accrue. If

27 the Winning Bidder is unable to close the sale within an additional five (5) business days, the sale

28

W02-WEST:8JBM1\402555195.1                                        ORDER AUTHORIZING SALE

USDC Case No. 09-04270 EDL

1  to the Winning Bidder will be cancelled and the Nampa Facility will be sold to the Back-Up

2  Bidder pursuant to the terms of the Nampa PSA.

3          12.     The Receiver's sale of the Nampa Facility pursuant to these procedures shall not

4  require further order of the Court.

5          13.     The Nampa Facility is to be sold "as is" with the Receiver making no

6  representations or warranties, express or implied, at law or in equity, with respect to the title,

7  condition of assets, value of assets, or any other representations or warranties.

8          14.     The Nampa Facility shall be deemed sold free and clear of liens, with the liens, if

9  any, attaching to the proceeds of the sale.

10

11  Dated: ___April 30_____, 2010

12

13  _____

ELIZABETH D. LAPORTE

14  UNITED STATES MAGISTRATE JUDGE

15

16  Respectfully Submitted By:

17  Dated:  March 26, 2010

18                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

19

20                          By  _____

J. BARRETT MARUM

21
                                Attorneys for Receiver
22                              KYLE EVERETT

23

24

25

26

27

28

-4-

W02-WEST:8JBM1\402555195.1                                          ORDER AUTHORIZING SALE

USDC Case No. 09-04270 EDL